CHERYL A. SABNIS (State Bar No. 224323)
csabnis@kslaw.com
LISA SCHAPIRA (State Bar No. 252946)
lschapira@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Attorneys for Defendant
KEMIRA LOGISTICS, INC.

# DENIED

## NO SHOWING OF GOOD CAUSE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MILLS and CHARLES MUNOZ individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>KEMIRA LOGISTICS, INC., a California Corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.<br>5:10-cv-01834-DMG (VBK)<br><br>**[PROPOSED] PROTECTIVE ORDER** |

Pursuant to stipulation of Plaintiffs Robert Mills and Charles Munoz (collectively "Plaintiffs") and defendant Kemira Logistics, Inc. ("Defendant") (Plaintiffs and Defendant referred to individually as "party" or collectively as "parties"), the Court hereby enters this Protective Order ("Order"):

**1.    Discovery Materials**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects or things, deposition testimony and discovery responses, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories, or subpoena. This Order is limited to the litigation or appeal of the above-captioned action ("the Litigation").

**2.    Use of Discovery Materials.**  With the exception of documents or information that have become publicly available without a breach of the terms of this Order, or any other legal obligation to safeguard and maintain confidentiality of such items, all documents, information or other discovery materials produced or discovered in this Litigation, and designated confidential shall be used by the receiving party solely for the prosecution or defense of this Litigation, to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

**3.    "Confidential Discovery Materials" Defined.**

a.    For the purposes of this Order, "Confidential Discovery Materials" shall mean any information that the producing party reasonably and in good faith believes is properly protected under applicable law.  The term "Confidential Discovery Materials" includes but is not limited to the following types of information: confidential or proprietary business information, trade secrets,

competitively-sensitive information, private or personal information, protected public safety information, and/or any other information protected from disclosure by state or federal law, whether such information belongs to Defendant, Plaintiffs, any of the proposed class members, or other persons or entities not a party to this lawsuit.

      b.    The terms of this Order shall in no way affect the right of any person (1) to withhold information on alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights; or (2) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. If information is redacted on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the redacting party shall on a separate log identify the document subject to redaction and the reason for such redaction.

      c.    Where large volumes of documents are provided to the requesting party's counsel for preliminary inspection and designation for production, and have not been reviewed for confidentiality purposes, the producing party has the right to so designate and redact appropriate discovery materials after they are designated by the requesting party for production. During the preliminary inspection process, and before production, all documents reviewed by the requesting party's counsel shall be treated as Confidential Discovery Material. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked as "Confidential" under this procedure. In the event that any inspecting person participating in an initial review of documents produced at the producing party's facilities or at the offices of the producing party's counsel makes notes or abstracts of the documents or information in the documents, that inspecting person shall maintain confidentiality of those notes or abstracts until such time as the documents are (or are not) designated as "Confidential" after their copying for

1 delivery.  Each such inspecting person shall treat in a manner consistent with the
2 terms of this Order all notes or abstracts of documents designated "Confidential"
3 after such copying.

4     **4.**    **Designation of Documents as "Confidential Discovery Materials"**

5     a.    For the purposes of this Order, the term "document" means any
6 tangible item, whether written, recorded or graphic, whether produced or created by
7 a party or another person, whether produced pursuant to subpoena, to discovery
8 request, by agreement, or otherwise.

9     b.    Any document which the producing party intends to designate as
10 Confidential Discovery Materials shall be stamped (or otherwise have the legend
11 recorded upon it in a way that brings the legend to the attention of a reasonable
12 examiner) with a notation substantially similar to the following:
13 "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE
14 ORDER."  Such stamping or marking will take place prior to production by the
15 producing person, or subsequent to selection by the receiving party for copying as
16 provided in Section 3.c. above. The stamp shall be affixed in such a manner as not
17 to obliterate or obscure any written material.

18     c.    If deposition testimony discloses or purports to disclose Confidential
19 Discovery Materials, the person contending the testimony constitutes Confidential
20 Discovery Materials (including without limitation the deponent or his/her/its
21 counsel) shall inform the deposing counsel of the confidentiality of any such
22 testimony not later than 30 days after receiving a copy of the deposition transcript or
23 by making the confidential designation on the record at the deposition.  Until
24 expiration of the 30-day period, the entire deposition will be treated as subject to
25 protection against disclosure under this Order.  If no person timely designates
26 testimony as Confidential Discovery Materials, then none of the testimony will be
27 treated as Confidential Discovery Materials pursuant to this Order.  If a designation
28 is made, all designated testimony, whether contained in the transcript and any other

recording of the deposition, shall be treated as Confidential Discovery Materials unless otherwise agreed to by the parties or ordered by the Court. Documents and/or exhibits used at the deposition that have previously been designated as Confidential Discovery Materials need not be redesignated as Confidential Discovery Materials pursuant to this section in order to retain their status as Confidential Discovery Materials.

    d.    Any discovery responses, deposition testimony, pleadings, motions, declarations, affidavits, and briefs that purport to quote, summarize, or contain documents or information designated as "Confidential Discovery Materials" pursuant to this order shall be designated and treated as "Confidential" for the purposes of this Order.

    e.    With respect to certain information that a party deems highly sensitive because it constitutes trade secrets or confidential, proprietary, private or personal information of individuals other than Plaintiffs, the party may redact such information, provided that it maintains a full and complete copy (without redactions) for review by the Court should another party elect to challenge any redactions. Any redactions made shall be reflected on a privilege log.

**5.** **Non-Disclosure of Confidential Discovery Materials**.

    a.    Except with the prior written consent of the party or other person originally producing the Confidential Discovery Materials, or as hereinafter provided under this Order, Confidential Discovery Materials, or any portion thereof, may not be disclosed to any person except as set forth in this section 6 below.

    b.    Nothing in this Order shall in any way limit or govern a party's use of its own Confidential Discovery Materials.

**6.** **Permissible Disclosures of Confidential Discovery Materials.**

Confidential Discovery Materials may be disclosed to and used only by:

    a.    Plaintiffs, Defendant and their counsel of record in this Litigation who are hereby bound by the terms of this Protective Order. Counsel of record includes

attorneys as well as paralegal, clerical, secretarial, and other staff to the extent considered reasonably necessary to render professional services in the Litigation;

    b.    Persons employed by or serving Defendant to the extent reasonably necessary for the Litigation;

    c.    The Court and court officials involved in this Litigation (including clerks of court, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

    d.    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    e.    Persons noticed for depositions or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, to the extent reasonably necessary in preparing to testify;

    f.    Outside consultants or outside experts retained for the purpose of assisting counsel in the Litigation;

    g.    Third party contractors retained by counsel of record or Defendant who are involved solely in one or more aspects of copying, scanning, duplicating, filing, collecting or storing documents and/or information for purposes of the Litigation,

    h.    Any person who is an author or original recipient of a document containing Confidential Discovery Materials; and

    i.    Any other person, if consented to in writing in advance by the producing party.

Any individual to whom disclosure is to be made under subparagraphs d. through i. above, shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order *(see* Exhibit A attached hereto and incorporated herein by reference). Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of Protective Order. Any party seeking a copy of an endorsement may make a demand setting forth the reasons therefore to which the opposing party will respond in writing. If the dispute cannot

be resolved, the demanding party may move the Court for an order compelling production upon a showing of good cause.  For testifying experts, a copy of the Endorsement of Protective Order executed by the testifying expert shall be furnished to counsel for the party who produced the Confidential Discovery Materials to which the expert has access, at the time the expert's designation is served, or at the time the Confidential Discovery Materials are provided to the testifying expert, whichever is later.

**7.     Protection of Confidential Discovery Materials Produced by Non-Parties.**

Any person who is producing information or documents in the Litigation other than Plaintiffs or Defendant may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" the information and/or documents that the non-party is producing, as set forth in section 4.

**8.     Inadvertent Disclosures**

a.     The parties agree that the inadvertent production of any information or documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine.  If any such information or documents are inadvertently produced, the recipient of the information or documents agrees that, upon request from the producing party, it will promptly return the information or documents and all copies in its possession, delete any versions of the information or documents stored on any computer or database it maintains and make no use of the information or documents; provided, however, that the party returning such information or documents shall have the right to apply to the Court for an order that such information or documents are not protected from disclosure by any privilege or doctrine.  The person returning such material may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production.

b. The parties further agree that in the event the producing party or other person inadvertently fails to designate information or documents as Confidential Discovery Materials, it may make such a designation subsequently by notifying all persons and parties to whom such information or documents were produced, in writing, within thirty (30) days of the producing party's or other third person's discovery of the inadvertent failure to designate. After receipt of such timely notification, the persons to whom production has been made shall treat the designated information or documents as Confidential Discovery Materials pursuant to the terms of this Order subject to their right to dispute such designation in accordance with section 9.

**9. Declassification**

a. Nothing shall prevent disclosure beyond that limited by this Order if the producing party consents in writing to such disclosure.

b. If at any time a party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of documents or information as Confidential Discovery Materials made hereunder, such person shall notify the designating party of such dispute in writing, specifying by exact Bates number(s) the Confidential Discovery Materials in dispute. The designating party shall respond in writing within ten (10) business days of receiving this notification. Notification of any such dispute does not in any way suspend the operation of this Order.

c. If the parties are unable to amicably resolve the dispute, the proponent of confidentiality may apply by motion to the Court for a ruling that Discovery Materials stamped as "Confidential" are entitled to such status and protection under applicable law, and this Order, provided that such motion is made within thirty (30) days from the date the challenger of the confidentiality designation challenges the designation. The designating party shall have the burden of proof on such motion to establish the propriety of its confidential designation.

     d.    If the time for filing a motion, as provided in section 9(c), has expired without the filing of any such motion, or ten (10) business days have elapsed after the appeal period for an order of this Court that the Discovery Materials shall not be entitled to status as Confidential Discovery Materials, the Discovery Materials at issue shall lose their designation as Confidential Discovery Materials.

### 10. Confidential Discovery Materials in Depositions

     a.    Counsel for any party may show Confidential Discovery Materials to a deponent during deposition and examine the deponent about the materials. Confidential Discovery Materials shown to any witness during a deposition shall not lose their confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect the confidentiality of the Confidential Discovery Materials during such use.

     b.    The party noticing a deposition of anyone other than the Plaintiffs or a corporate representative or current employee of Defendant shall obtain each witness' endorsement of Exhibit A to this Order before showing the witness any Confidential Discovery Materials.  If the witness refuses to sign the endorsement or agree on the record to be bound by the Order and a party wishes to show the witness any Confidential Discovery Materials, the designating party may suspend the deposition so it may seek an Order from the Court directing that the witness abide by the terms of this Order, and no Confidential Discovery Materials shall be shown or divulged to the deponent until the Court has ruled.  If possible, the parties will attempt to obtain a telephonic ruling from the Court so the deposition may proceed. If a formal motion is required, the parties agree it shall be heard on shortened time to permit consideration and ruling by the Court at the earliest opportunity. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Discovery Materials not provided by them or the entities they represent unless they sign Exhibit A or are otherwise bound by this Order.  While a deponent is being examined about any Confidential Discovery Materials, persons to

whom disclosure is not authorized under this Order shall be excluded from being present.

11. **Use of Confidential Discovery Materials in Court.**

a.  The parties are permitted to lodge/file under seal Confidential Discovery Materials produced pursuant to this Order in conjunction with pre-trial motions and pre-trial proceedings. The party seeking to file Confidential Discovery Materials must comply with Civil Local Rule 79-5 through the filing of an application or a stipulated application to seal the Confidential Discovery Materials. Envelopes containing Confidential Discovery Materials lodged with the Court shall prominently display the notation "Confidential Document Lodged Under Seal."

b.  The use of Confidential Discovery Materials at any trial of this matter shall be discussed at the Pretrial Conference and governed by further order of the Court.

12. **Evidentiary Significance of Designations.** Neither the parties' consent to the terms of this Order nor the fact that a designator has designated a document or information as Confidential Discovery Materials pursuant to this Order shall be deemed an admission or acknowledgement with respect to relevance, competence, or admissibility into evidence, and said designation may not be used at a hearing or at trial for any purpose. A party's failure to object to a designation likewise shall have no evidentiary significance.

13. **Subpoena of Confidential Discovery Materials.** If another person, entity, court or administrative agency subpoenas or orders production of Confidential Discovery Materials that a party has obtained under the terms of this Order, the party shall immediately notify the producing party of the subpoena or order and provide a copy of it to the producing party. The subpoenaed party shall cooperate in good faith with the producing party in facilitating the producing party's effort to intervene in the proceeding, quash the subpoena or other reasonable action

to seek appropriate relief. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**14. Responsibility of Attorneys; Copies.** Counsel of record are responsible for employing reasonable measures consistent with this Order to control and record duplication of and access to Confidential Discovery Materials, including abstracts and summaries thereof. No duplication of Confidential Discovery Materials shall be made except to create working copies or as otherwise permitted by the terms of this Order. Any copies of Confidential Discovery Materials provided to persons described in section 6 shall be returned to counsel of record upon completion of the purpose for which such copy was provided, or the person to whom Confidential Discovery Materials were provided shall execute a declaration testifying under penalty of perjury that he/she has destroyed the Confidential Discovery Materials. If destruction is elected, counsel of record shall consult with counsel for the producing party on the manner of destruction and obtain such party's consent to the method and means of destruction. Upon the request of the producing party or the Court, counsel of record and/or each person to whom Confidential Discovery Materials were provided shall execute a declaration testifying under penalty of perjury that all such documents and copies thereof have been returned or destroyed as required. (*See* Section 15 below.) In the event of a change in counsel, the counsel being replaced shall fully instruct new counsel of their responsibilities under this Order and new counsel shall comply with this Order.

**15. Disposition of Confidential Discovery Materials.**

Unless otherwise ordered by the Court, within thirty (30) days after final conclusion of all aspects of the Litigation (including without limitation any appeals and after the time for filing all appellate proceedings has passed), each party shall return all Confidential Discovery Materials to counsel for the party that produced them or destroy them and swear under penalty of perjury to their destruction. If counsel elects to destroy Confidential Discovery Materials, they shall consult with

counsel for the producing party on the manner of destruction and obtain such party's consent to the method and means of destruction. The return or destruction of Confidential Discovery Materials shall include, without limitation, all copies, and duplications thereof. Unless otherwise ordered by the Court, counsel may retain: (1) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Discovery Materials; (2) their work product; and (3) official transcripts and exhibits thereto. The terms and provisions of this Order shall continue to apply to any such materials retained by counsel.

16. **Order Survives Termination of Action.** After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Order is, and shall be deemed to be, an enforceable agreement between the parties, their agents, and their attorneys. The terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

17. **Parties Bound by Order.** This Order shall be binding upon the parties, upon their attorneys, expert witnesses, consultants, and upon their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, relatives, and other persons or organizations over whom or which the subject parties have control. The parties, their attorneys, and employees of such attorneys, and their expert witnesses, consultants, and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

18. **No Waiver of Objections.** Neither this Order nor any of the procedures described above affects or constitutes a waiver of any party's right to object to the relevancy, admissibility or discoverability of any information or document or to seek an order that discovery or admissibility be had only subject to

appropriate limits or restrictions, as provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or other applicable rules or law.  This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation; nor shall this order imply that Confidential Discovery Materials is properly discoverable, relevant, or admissible in this or any other litigation.  Each party reserves the right to object to any disclosure of information or production of any documents that the producing party designates as Confidential Discovery Materials on any other ground it may deem appropriate.

19. **No Waiver of Any Privilege.**  This Order does not affect or constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege, protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to such privilege.

20. **Parties' Use of Own Confidential Discovery Materials or Information and Documents Available From Non-Confidential Sources**.

Nothing in this Order shall limit a party's right to disclose or use its own information and documents to any person for any purpose, nor does it limit a party's right to disclose or use information and documents which are publicly available or available to the party through non-confidential sources (even if such information and documents are also produced by a party in this case and designated by that party as Confidential) to any person for any purpose.  However, if the non-confidential source violated an obligation to maintain the information and/or documents as confidential, the information and documents shall not lose but shall retain their confidential status and be treated as Confidential Discovery Materials pursuant to the terms of this Order, unless timely objection to their confidential designation is made in accordance with the terms of this Order.

21. **Additional Protection.**  Nothing in this Order shall prevent a party from seeking additional protection from the Court, with respect to specific items as

to which it believes are or may not adequately be protected by the terms hereof. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials for purposes of the Litigation.

22. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order, or from objecting to discovery that it believes to be otherwise improper.

23. **Improper Disclosure of Confidential Discovery Material.**

Disclosure of discovery materials designated a as Confidential Discovery Materials other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

DENIED WITHOUT PREJUDICE, PENDING AMENDED PO WITH Rule 26 good cause statement.

Dated: December 15, 2011

/s/
_____
Hon. Victor B. Kenton
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MILLS and CHARLES MUNOZ individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEMIRA LOGISTICS, INC., a California Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:10-cv-01834-DMG (VBK)<br><br>**ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Hon. Dolly M. Gee |

I, _____ *[type or print full name]*, hereby acknowledge that I have been provided with a copy of the Protective Order ("the Order") entered in the above-captioned action ("the Litigation"). I represent and warrant that I am a person qualified to receive Confidential Discovery Materials pursuant to Section 6 of the Order, that I have read, understand and agree to be bound by the Order, and that I agree not to disclose any Confidential Discovery Materials (including without limitation any abstracts or summaries of such information or documents) to any person other than as expressly permitted by the Protective Order.

I agree to return all Confidential Discovery Materials to counsel for the party that produced them to me or destroy and swear to the destruction of all Confidential

Discovery Materials (including without limitation any abstracts or summaries of such information or documents) within thirty (30) days after final conclusion of all aspects of the Litigation (including without limitation any appeals and after the time for filing all appellate proceedings has passed) or as otherwise ordered by the Court.

    I further agree to submit to the jurisdiction of the above court relative to any matter or dispute relating to the Order, the parties or my obligations thereunder, or information or documents produced pursuant to the Order.

Dated: _____    _____
                                                                     Signature

Subscribed and sworn to before me this
____ day of_____, _____.

_____
Notary Public in and for the
County of _____
and State of _____

My Commission Expires: